# R. J. CROFF v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 22, 1910.

Nos. 16,708—(227).

**Complaint — demurrer.**

An informal complaint, alleging that pursuant to an agreement plaintiff, as consignor and consignee, shipped cattle which arrived in an emaciated condition, "crippled, injured and damaged and depreciated in selling and actual market value" in a named sum, is *held* to sufficiently allege owner· ship or interest and damage as against a general demurrer.

Action in the district court for Hennepin county to recover $5,600 on account of alleged damages to a shipment of live stock from Browning, Montana, to St. Paul, Minnesota. From an order, Holt, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Brown, Albert & Guesmer,* for appellant.
*Stiles, Devaney & Hewitt,* for respondent.

JAGGARD, J.

Plaintiff and respondent brought this action against defendant and appellant and alleged: Plaintiff delivered to defendant as common carrier certain carloads of cattle in good condition for transportation and entered into a contract by which defendant agreed to transport said cattle for delivery at a named place "to the order of this plaintiff, and also agreed to * * * provide * * * fit and suitable food and water for the maintenance of said cattle" during transportation. The said cattle on arrival at the destination "were in a feverish, gaunted, and emaciated condition, seriously crippled, injured, and *damaged* and depreciated in selling and actual market value, in the sum of at least * * * $5,600,

[1]Reported in 127 N. W. 490.

no part whereof has been paid, though demanded." (The italics are ours.) A prayer for judgment in that amount followed. To this complaint defendant demurred, on the ground that it failed to state facts constituting a cause of action. This appeal was taken from the order of the trial court overruling the demurrer.

The first question presented by the record is whether the complaint contains a sufficient allegation of ownership or interest to entitle plaintiff to sue defendant. The complaint alleged delivery; so that possession by plaintiff was shown. Plaintiff was both consignor and consignee. It was not material that the consignment was to the order of plaintiff, and not to plaintiff or order. If plaintiff had assigned the right to receive the cattle, that would be a matter for defense. We are unable to perceive wherein the Hepburn law is at all involved.

2. The next question is whether the absence of formal allegations that plaintiff suffered damage in a named sum avoided the complaint. Plaintiff stated the facts from which damage was necessarily inferred, and prayed judgment in that sum. On proof of those facts and other essential matters, he would undoubtedly have been entitled to judgment. Moreover, the complaint informally alleged damage. The absence of the mere formal allegation was not material. Within the familiar rule as to demurrers, the fact that it appears on the complaint by legal inference and implication that the plaintiff was in fact damaged as consignor and consignee renders the complaint good as against demurrer. If defendant desired that the informalities in the complaint should be corrected, the matter should have been reached by motion.

Affirmed.